UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**FILED**

MAY 12 2015 DB

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO.: 3:15cv554
v. )
)
Select Student Loan Help LLC, Sara Arias, Cherise Calmese, Select Student Loan Inc., and John/Jane Does 1-5 )

*Defendants.*

### Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Select Student Loan Help LLC is a Florida Corporation operating from 5670 Wilshire Blvd #1800 or 4201 Wilshire Blvd, Los Angeles, CA 90036. They have a registered agent named United States Corporation Agents Inc., with an address of 13302 Winding Oak Court Unit A, Tampa, FL 33612 This company is a debt collector as defined by the FDCPA, 15 USC 1692.

3. Cherise Calmese, is a manager of Select Student Loan Help, LLC and upon information and belief, Select Student Loan Inc., as well and can be served at 5670 Wilshire Blvd #1800 or 4201 Wilshire Blvd, Los Angeles, CA 90036

4. Sara Arias is a manager of Select Student Loan Help and upon information and

belief, Select Student Loan Inc., as well. She can be served via registered agent or at 5670 Wilshire Blvd., #1800 Los Angeles, CA 90036.

5. Select Student Loan Inc is a California corporation operating from 4201 Wilshire Blvd., #623, Lo Angeles, CA 90010. The registered agent is LegalZoom Inc. 100 West Broadway Suite 100 Glendale, CA 91210. They are also debt collectors as defined by the FDCPA 15 SUC 1692.

## Jurisdiction

6. Jurisdiction of this court arises as the acts happened in this county.

7. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls to the state of Tennessee for the purpose of soliciting Tennessee residents to refinance their student loans.

## FACTUAL ALLEGATIONS

8. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone which were not related to any emergency purpose and without the Plaintiff's consent. The calls were from 860-269-3408 and the Plaintiff later discovered through conversations that this entity is part of a new scam targeting individuals with student loans.

9. There has recently been a large increase in individuals masquerading as "document preparation" companies that seek to charge a large upfront fee for doing very, very simple loan consolidation and selecting a loan program for repayment for student loans. These companies are targeting a vulnerable group of people who frequently are unaware of the costs involved and often seek to appear

to be part of the US Department of Education or one of their loan servicers. These companies frequently make false promises of loan forgiveness by the US Government to induce people to sign up with them.

10. For example, with the defendants, the automated message stated: *"This is Sally Mayfield, according to the William D Ford Federal Loan Act, US Department of Education, Code 2009A, your federal student loans may be eligible for new programs designed to lower or eliminate your student loan payments. You may be eligible to lower your payments by more than 90% and may qualify for loan forgiveness"*

11. The automated message failed to state the name or phone number for the entity placing the call, which violates the TCPA 47 USC 227(c)(5) as codified by 47 CFR 64.1200(d) and the phone number was spoofed as when I dialed it back, it simply went to a busy signal.

12. Additionally, this is a false/misleading representation in violation of 15 USC 1692(e) as it clearly seeks to impersonate the US Department of education and they are using a name other than their own to collect debts. Additionally, by saying "Sallie Mayfield", it would likely confuse an unsophisticated consumer and they could reasonably think they were talking to the student loan giant Sallie Mae as opposed to Select Student Loan Help, LLC.

13. The National Consumer Law Center[1] has issued a publication about the problems with these companies and the New York department of Financial services formed a Student Protection[2] unit to combat student debt relief abuses being perpetuated

---

[1] http://www.studentloanborrowerassistance.org/wp-content/uploads/File/searching-for-relief-report.pdf
[2] http://www.governor.ny.gov/news/governor-cuomo-announces-new-student-protection-unit-and-launch-investigation-s

against consumers.

14. In total, there were at least of 12 calls made on behalf of the defendants and in these calls, for example on May 4th[th] 2015, the Plaintiff spoke with an agent who stated that she would evaluate the Plaintiff's student loans for various repayment programs and forgiveness programs and identified select student Loan as the company placing the calls. The Plaintiff received similar calls, twice on April 30, 2015, twice on on May 1, 2015, twice on May 4th 2015, once on May 5th and twice on May 7th just to name a few of the calls.

15. These are false or misleading representations likely to confuse an unsophisticated consumer in violation of 15 USC 1692(e). By dangling the inducement of loan forgiveness, the Defendants made a false or misleading representation likely to deceive a consumer.

16. Defendant Select Student Loan Help and Select Student Loan Inc are also a debt collectors as defined by the FDCPA, 15 USC 1692(a), as they are using interstate commerce and they are in the principal purpose of collecting debts due to another, in this case, student loan debt. The Defendants also failed to provide any of the required disclosures under 15 USC 1692(g). The violations of the FDCPA entitles the Plaintiff to recover $1000.

17. These calls violated the Telephone Consumer protection act, 47 USC 227 (b) by their automated nature and by delivering pre-recorded messages to the Plaintiff's cell phone, which entitles the Plaintiff to $1500 per call in damages.

18. The calls violated the TCPA due to the defendant's failure to maintain a Do not call list, failure to identify the party placing the calls during the pre-recorded

tudent-debt

messages, failure to train the agents on the use of a do not call list, pursuant to 47 USC 227 (c)(5) as codified by the FCC's 47 CFR 64.1200(d)(4). These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

19. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited automated calls to the Plaintiff's cell phone. These calls violated the TCPA, 47 USC 227(c)(5) as they failed to maintain a do not call list and train their agents on the use of it.

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

21. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 47 USC 227(b)

## Count III

## Violations of the FDCPA

23. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 15 USC 1692(e) and 15 USC 1692(g)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call and $1000 in statutory damages under the FDCPA

C. Pre-judgment interest from the date of the phone calls.

D. Punitive Damages in the amount of $15,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

Respectfully submitted,   May 8th, 2015

Craig Cunningham
Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977