UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00554 |
| | ) | Judge Trauger |
| SELECT STUDENT LOAN HELP, LLC, | ) | Magistrate Judge Brown |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

# REPORT AND RECOMMENDATION

This matter was referred to the undersigned for two related issues, the first of which is determining whether Defendants Select Student Loan Help, LLC and Select Student Loan, Inc. have been properly served with the complaint and other Court documents, including the partial entries of default and the motion for default judgment. (Doc. 33). Upon doing so, the Magistrate Judge was requested to enter a Report and Recommendation as to the Plaintiff's motion for default judgement. (Doc. 33). The undersigned's findings and recommendations are as follows:

(1) Service of process on Select Student Loan Help, LLC and Select Student Loan, Inc. was not perfected under federal, Florida, California, or Tennessee State law. Should this finding be adopted, the Magistrate Judge **RECOMMENDS** that the entries of default (Docs. 12, 20) be **VACATED** and the Plaintiff be granted **thirty (30) days** in which to re-serve these two Defendants or file corrected proofs of service and establish that the individuals who signed the return receipts were authorized to accept service of process on behalf of these two Defendants. Should the Plaintiff fail to correct these deficiencies within the time limits set, the Magistrate Judge would **RECOMMEND** dismissing the Plaintiff's claims against these two Defendants without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

(2) The motion for entry of default, the entry of default, and the motion for default judgment were properly served on Select Student Loan Health, LLC. (Docs. 10, 13, 29).

1

(3) Select Student Loan, Inc. was properly served with the motion for entry of default but was not properly served with the entry of default or motion for default judgment. (Docs. 17, 21, 29).

(4) Select Student Loan Help, LLC was properly served copies of docket entries 12, 20, 29, 33, and 37, along with a docket sheet. (Doc. 38).

(5) Select Student Loan, Inc. was not properly served copies of docket entries 12, 20, 29, 33, and 37, along with a docket sheet. (Doc. 38).

## I.  BACKGROUND

This civil action was commenced on May 12, 2015, when the Plaintiff filed a complaint alleging that Defendants Select Student Loan Help, LLC, Cherise Calmese, Sara Arias, and Select Student Loan, Inc. violated the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA") through a series of unwelcome automated phone calls. (Doc. 1). The Clerk of Court issued summons for the named Defendants on May 14, 2015. (Doc. 2).

On May 22, 2015, the Plaintiff filed proof of service as to Defendant Select Student Loan Help, LLC. (Doc. 6). Proof of service as to Defendants Arias and Calmese were filed on June 9, 2015. (Docs. 8, 9). The Plaintiff thereafter moved for entry of default against these three Defendants. (Doc. 10). The Clerk of Court entered default against Defendant Select Student Loan Help, LLC, but denied the Plaintiff's motion as to Defendants Arias and Calmese. (Doc. 12).

On August 25, 2015, the Plaintiff filed proof of service as to Defendants Calmese and Select Student Loan, Inc. (Docs. 15, 16). He then moved for entry of default as to these two Defendants. (Doc. 17). The Clerk of Court entered default against Defendant Select Student Loan, Inc., but denied the motion for default against Defendant Calmese. (Doc. 20).

Upon entry of default against Defendants Select Student Loan Help, LLC and Select Student Loan, Inc., the Plaintiff moved for default judgment against these Defendants and requested a hearing on damages. (Doc. 29). The District Judge referred this matter to the Magistrate Judge for a Report and Recommendation. (Doc. 33). On December 30, 2015, the Magistrate Judge directed the Clerk of Court to serve by regular and certified mail copies of the partial entries of default, the motion for default judgment, the referral order, the December 30, 2015 order, and a copy of the docket sheet, on Select Student Loan Help, LLC and Select Student Loan, Inc. at the addresses where the Plaintiff served the motion for default judgment. (Doc. 37). The Clerk of Court mailed the documents as directed, though the documents sent to the corporate address were addressed to "Select Student Loan **Help**, Inc." instead of "Select Student Loan, Inc." (Doc. 38) (emphasis added). The mail sent to Select Student Loan Help, LLC was returned to the Court as undeliverable. (Docs. 42, 45).

The Plaintiff subsequently amended his complaint. (Doc. 59). As Defendants Select Student Loan Help, LLC and Select Student Loan, Inc. did not respond to the Plaintiff's motion for default judgment, the Magistrate Judge directed the Plaintiff to file a motion for default judgment in compliance with Rule 55(b) and terminated the earlier motion for default judgment (Doc. 29). (Doc. 108). In accordance with the Magistrate Judge's order, the Plaintiff filed a revised motion for default judgment against these two Defendants. (Doc. 122). The Clerk of Court denied the revised motion for default judgment. (Doc. 130). In part, the motion was denied because it did not contain a certificate of service indicating that it was served on any defendant. (Doc. 130).

With the Clerk of Court's recent order, the referral to make a recommendation as to the motion for default judgment is rendered moot. Accordingly, this Report and Recommendation is

limited to whether Defendants Select Student Loan Help, LLC and Select Student Loan, Inc. were properly served with process and other Court documents.

## II. SERVICE OF PROCESS

### A. THE DEFENDANTS

Select Student Loan Help, LLC is an inactive limited liability company registered in the State of Florida. The Florida Department of State Division of Corporations website provides the LLC's electronic article of organization which list the following registered agent: **United States Corporation Agents, Inc., 13302 Winding Oak Court, A, Tampa, FL 33612**. (Exhibit A).[1] Cheyenne Mosely signed as the registered agent. (Exhibit A). According to the State website, the LLC's principal and mailing address are **5670 Wilshire Blvd., #1800, Los Angeles, CA 90036**. (Exhibit B).[2]

Select Student Loan, Inc. is an active California corporation located at **4201 Wilshire Blvd. #623, Los Angeles, CA 90010**. (Exhibit C).[3] The current registered agent for service of process is **LegalZoom.com, Inc., 101 N. Brand Blvd., 11th FL, Glendale, CA 91203**. (Exhibit C). Formerly, LegalZoom.com, Inc. could be served at **100 W. Broadway, Suite 100, Glendale, CA 91210**. (Exhibit D).

### B. SERVICE OF PROCESS STANDARD

Where service has not been waived and service was not made by a United States marshal or deputy marshal, the plaintiff must prove service through the server's affidavit. Fed. R. Civ. P.

---

[1] http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2014%5C0819%5C60456076.tif&documentNumber=L14000129782 (last visited Dec. 20, 2016).

[2] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=SELECTSTUDENTLOANHELP%20L140001297820&aggregateId=flal-l14000129782-6cedc850-34ce-4c79-bc6b-6979bbf8b124&searchTerm=select%20student%20&listNameOrder=SELECTSTUDENTLOANHELP%20L140001297820 (last visited Dec. 20, 2016).

[3] Available by search at https://businesssearch.sos.ca.gov/ (last visited Dec. 20, 2016).

4(l)(1). Here, there is no evidence that either Defendant waived service or was served by a marshal. Proof of service must therefore be presented in a server's affidavit.

Service of corporations and other business entities is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Where service is accomplished in a judicial district of the United States, the following methods of service are available:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Thus, service may be made in accordance with applicable state law, or process may be "delivered" to an officer, managing or general agent, or other authorized agent.

## C. PROCESS WAS NOT "DELIVERED" PURSUANT TO FEDERAL RULE 4(h)(1)(B)

Courts interpreting Rule 4(h)(1)(B) have explained that delivery means personal delivery, not service by mail. *Christian v. Fed. Home Loan Mortg. Corp.*, No. CV 13-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) (citing *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000); *Etherly v. Rehabitat Sys. of Michigan*, No. 13-11360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013)); *Collett v. Kennedy, Koontz & Farinash*, No. 3:14-CV-552-TAV-HBG, 2015 WL 7254301, at *4 (E.D. Tenn. Aug. 14, 2015).

The Plaintiff attempted to serve Select Student Loan Help, LLC and Select Student Loan, Inc. by certified mail. As service by mail is not "delivery" within the meaning of Rule 4(h)(1)(B), service was not properly made under this authority. The issue turns to whether service of process was perfected under applicable state law.

5

For Select Student Loan Help, LLC, service by mail is only proper if permitted by the State of Tennessee—where this Court is located, or in the State of Florida—where service was attempted. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Service of the Select Student Loan, Inc. by mail is only proper if permitted by the State of Tennessee—where this Court is located, or in the State of California—where service was attempted. *See id.*

### D. PROCESS WAS NOT PROPERLY SERVED PURSUANT TO FLORIDA OR CALIFORNIA STATE LAW

Absent a waiver of personal service, service of Select Student Loan Help, LLC by certified mail does not comport with Florida law. "The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service." *Dyer*, 318 F. App'x at 844 (citing Fla. R. Civ. P. 1.070(i); *Transp. & Gen. Ins. Co. v. Receiverships of Ins. Exch. of Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. Dist. Ct. App. 1991)); *see also Alvarez v. Walt Disney Motion Pictures*, No. 613CV1940ORL37TBS, 2014 WL 12617907, at *2 (M.D. Fla. Feb. 27, 2014) (citations omitted); *Crenshaw v. City of Defuniak Springs*, No. 3:13CV50/MCR/EMT, 2013 WL 4046691, at *2 (N.D. Fla. Aug. 9, 2013) (citation omitted).

Select Student Loan, Inc. was not served in accordance with California law. Service within California may be made by mail, but service must include a specific notice and acknowledgment of receipt which was not indicated here. *See* Cal. Civ. Proc. Code § 415.30; *Johansen v. Presley*, No. 11-3036-JTF-DKV, 2013 WL 7868446, at *2-3 (W.D. Tenn. June 24, 2013), *report and recommendation adopted,* No. 11-CV-3036-JTF-DKV, 2014 WL 897332 (W.D. Tenn. Mar. 6, 2014), *aff'd* (Oct. 31, 2014).

## E. SERVICE OF PROCESS WAS NOT PERFECTED UNDER TENNESSEE STATE LAW

Service on defendants outside the State of Tennessee is governed by Rule 4.05 of the Tennessee Rules of Civil Procedure. The rule provides:

> (1) Whenever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made:
>
> > (a) by any form of service authorized for service within this state pursuant to Rule 4.04;
> >
> > (b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state;
> >
> > (c) as directed by the court.

Tenn. R. Civ. P. 4.05(1).

Whether service outside the state is permitted in this federal question case is determined by Tennessee's long-arm statutes and principles of federal due process. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (citation omitted); *see* Tenn. Code Ann. § 20-2-201 *et seq.* Because the Court has not held an evidentiary hearing, only a prima facie showing of jurisdiction must be found in the pleadings. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (citation omitted).

Tennessee's long-arm statute permits the exercise of personal jurisdiction over an out-of-state defendant to the extent permitted by the constitutions of Tennessee and the United States. Tenn. Code Ann. § 20-2-225(2). The "statute has been interpreted as coterminous with the limits on personal jurisdiction imposed by the due process clause." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003) (quoting *Payne v. Motorists' Mut. Ins. Companies*, 4 F.3d 452, 455 (6th Cir. 1993)) (discussing a similarly worded long-arm statute).

Thus, the two-prong inquiry collapses into a single issue: whether requiring the Defendants to defend this suit in the State of Tennessee comports with the due process clause. Personal jurisdiction may be general—based on the Defendants' contacts with the State of Tennessee generally, or specific—based on the Defendants' contacts with the State of Tennessee that gave rise to the claims in this lawsuit. *See Bird v. Parsons*, 289 F.3d 865, 873-74 (6th Cir. 2002). Absent any indication that the Defendants have continuous and systematic contacts with the State of Tennessee such that the Defendants are essentially at home in this forum, the undersigned considers specific jurisdiction.

Three elements must be satisfied to establish specific personal jurisdiction over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means*, 836 F.3d at 649 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Purposeful availment is found where the defendant's actions proximately caused the defendant's contacts with the forum state. *Id.* (citation omitted). As opposed to random or attenuated contacts with the forum state, the defendant's actions should reasonably put the defendant on notice that he or she could be haled into court there. *Id.* (citations omitted). For example, in *Schneider v. Hardesty*, a Utah attorney purposefully availed himself to the privilege of acting in Ohio when he wrote letters which would be sent to his client's investors in Ohio even though the attorney did not himself mail the letters. *Schneider v. Hardesty*, 669 F.3d 693, 696, 702-03 (6th Cir. 2012). On a similar note, the Sixth Circuit has "held previously that

purposeful availment may exist when a defendant makes telephone calls and sends facsimiles into the forum state and such communications 'form the bases for the action.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (quoting *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001)).

In his first complaint and amended complaint, the Plaintiff alleges violations of the TCPA and FDCPA based on receipt of unwelcome telephone calls. (Docs. 1, 59). The Plaintiff alleges that the calls, numbering over 100, were made to the Plaintiff in the State of Tennessee. (Docs. 1, 59). The calls were allegedly made to two cell phones belonging to the Plaintiff, each with an area code of "615." (Doc. 59, p. 5 ¶ 26). Judicial notice is taken that this area code is assigned to Davidson County, Tennessee. The Plaintiff alleged that the purpose of the calls was to "solicit[] Tennessee residents to refinance their student loans." (Doc. 1, p. 2 ¶ 7). The callers were allegedly misled to believe "they were talking to the student loan giant Sallie Mae as opposed to Select Student Loan Help, LLC." (Doc. 1, p. 3 ¶ 12) (Doc. 59, pp. 7-8 ¶¶ 30, 36). One caller "identified select student Loan [sic] as the company placing the calls." (Doc. 1, p. 4 ¶ 14). The Plaintiff additionally alleged that Defendant Select Student Loan Help and Select Student Loan, Inc. have violated the FDCPA by failing to provide the required statutory disclosures. (Doc. 1, p. 4 ¶ 16) (Doc. 59, p. 8 ¶ 38). Taking these allegations as true at this stage in the litigation, the undersigned finds a prima facie showing that Defendants Select Student Loan Help, LLC and Select Student Loan, Inc. purposefully availed themselves to suit in the State of Tennessee for claims arising out of their repeated telephone calls to Tennessee phone numbers. *See Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1057–59 (D. Or. 2014), *motion to certify appeal denied sub nom. Ott v. Mortg. Inv'rs Corp.*, No. 3:14-CV-00645-ST, 2015 WL 1648702

(D. Or. Apr. 14, 2015) (denying motion to dismiss for lack of personal jurisdiction in a class action brought under the TCPA where suit was brought where the telephone calls were received).

As to the second element, this is easily satisfied as the claims in the instant lawsuit arise from the telephone calls allegedly placed to the Plaintiff in Tennessee. *See Schneider*, 669 F.3d at 703 (quoting *Bird*, 289 F.3d at 875) (explaining that the "arising from" element is subject to a "lenient standard" and was satisfied when claims were brought on account of letters sent to the forum state).

The third element is met where exercise of jurisdiction is not unreasonable because the defendant has sufficiently substantial connections with the forum. *Id.* If the first two elements are met, "an inference of reasonableness arises" which will only be rebutted in an unusual case. *Id.* (quoting *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 554 (6th Cir. 2007)). The court considers "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy." *Id.* at 703-04 (quoting *Air Prod. & Controls, Inc.*, 503 F.3d at 554-55).

Considerations of reasonableness do not militate against a prima facie finding of personal jurisdiction in this instance. Litigation in a foreign state will certainly impose a burden on the Defendants. With the increasing use of electronic means of communications, such as telephonic conferences with the Court, the cost and burden of proceeding in the State of Tennessee is lessened. The State of Tennessee certainly has an interest in protecting its residents from injuries caused by out-of-state actors. *See Intera Corp.*, 428 F.3d at 618. As the initiator of this suit, the Plaintiff presumably has an interest in obtaining relief. Last, seeing as the claims in this case arise under federal law, maintenance of suit in this state does not raise sovereignty concerns.

Through his first complaint and amended complaint, the Plaintiff has made a prima facie showing of personal jurisdiction over the two Defendants at issue. As personal jurisdiction may be exercised under Tennessee Code Annotated § 20-2-225, service may be made outside of the State of Tennessee pursuant to the Tennessee Rules of Civil Procedure. *See* Tenn. Code Ann. § 20-2-224.

The Tennessee Rules of Civil Procedure permit service by registered return receipt or certified return receipt mail. *See* Tenn. R. Civ. P. 4.04(3)-(4), (10); Tenn. R. Civ. P. 4.05(1)(a), (3)-(4). When a defendant is served by mail, the plaintiff must file the original summons specifying the date of service and receipt, an affidavit from the service provider, and a return receipt. Tenn. R. Civ. P. 4.03(2).

Service of process by mail is complete if the return receipt is signed by the defendant or a person designated by Rule 4.04 or by statute. *Id.*; *see Genesis Diamonds, LLC v. John Hardy, Inc.*, No. 3:15-CV-01093, 2016 WL 3478915, at *2-6 (M.D. Tenn. June 27, 2016) (finding that the plaintiff did not meet its burden of showing proper service of process where the signer of the return receipt was not proven to have authority to accept service of process); *Treadway v. California Prod. Corp.*, No. 2:13-CV-120, 2013 WL 6078637, at *3 (E.D. Tenn. Nov. 19, 2013) (citation omitted) ("According to the plain language of Rule 4.03(2) . . . service [is] not 'complete' unless the signatory of the return receipt was 'a person designated by Rule 4.04.'"); *Grp. Indep. Sales Org., Inc. v. Teleservices, Inc.*, No. 2:09-CV-02231, 2009 WL 3100590, at *3 (W.D. Tenn. Sept. 23, 2009) (citation omitted) (holding that service was not effected where the plaintiff did not establish that the individual who signed the return receipt was the defendant's designated agent for service of process).

Though Rule 4.05(5) states that "[s]ervice by mail is complete upon mailing," the requirements in Rule 4.03(2) must nevertheless be satisfied to establish proper service of process. *Amresco Indep. Funding, LLC v. Renegade Mountain Golf Club, LLC*, No. E201401160COAR3CV, 2015 WL 1517921, at *2 (Tenn. Ct. App. Mar. 31, 2015) (discussing lower court's ruling that service by mail pursuant to Rule 4.05 must also comply with Rule 4.03(2)); *see also Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *2-3 (E.D. Tenn. Aug. 14, 2006) (finding that service was not complete where service pursuant by Rule 4.05 was not established pursuant to Rule 4.03(2)). Actual notice of a lawsuit is no substitute for proper service of process. *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) (citations omitted).

The following individuals may receive service of process on behalf of business entities:

> (3) Service by mail upon a corporation shall be addressed to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.
>
> (4) Service by mail upon a partnership or unincorporated association (including a limited liability company) that is named defendant under a common name shall be addressed to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Tenn. R. Civ. P. 4.05(3)-(4); *see also* Tenn. R. Civ. P. 4.04(3)-(4).

In Tennessee, "registered agents, individual or corporate, have implied authority to appoint subagents." *Rubio v. Precision Aerodynamics, Inc.*, 232 S.W.3d 738, 743-44 (Tenn. Ct. App. 2006). The *Rubio* court explained:

> If a corporation is designated to serve as [a corporation's] registered agent, the registered agent must, as a matter of necessity, appoint others to serve as subagents to fulfill the purpose of the registered agent statute, which is to receive service of process on behalf of the defendant corporation. It must therefore be anticipated that a registered agent may authorize subagents to perform and fulfill its responsibilities as the registered agent.

*Id.* at 743. Determining whether an individual is an authorized subagent is a fact-intensive inquiry. For example, in *Rubio*, the defendant's registered agent for service of process was a single attorney. *Id.* at 740. The plaintiff's process server placed the summons and complaint in the hands of the attorney's secretary. *Id.* The process server's unrebutted affidavit reflected that the secretary had represented she was authorized to accept service on the attorney's behalf, she had done so on numerous occasions in the past, and she would deliver the summons and complaint to the attorney. *Id.* Though the defendant had not expressly authorized the secretary to receive process on its behalf, service was valid because the attorney had implied authority to appoint subagents and had appointed his secretary as a subagent. *Id.* at 741-44. Taken to the other extreme, the Tennessee Supreme Court concluded that "that a corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant." *Hall*, 319 S.W.3d at 583-84.

The Plaintiff has not established proper service of process on Select Student Loan Help, LLC. First, the proof of service does not specify when process was put in the mail. *See* Tenn. R. Civ. P. 4.03(2). Second, the return receipt does not clearly identify that the individual who signed the return receipt was authorized to accept service of process for this Defendant. The return receipt and proof of service submitted show that the service packet was sent by certified mail return receipt requested to **United States Corporation Agents, Inc., 13302 Winding Oak, Unit A, Tampa, FL 33612** and was signed for by Sherry Vance. (Doc. 6). The return receipt does not identify Sherry Vance's relationship to United States Corporation Agents, Inc. Although the return receipt contains two boxes next to the signature line titled "agent" and "addressee," Sherry Vance marked neither box. Without additional information, the Magistrate Judge is not able to

conclude that Sherry Vance is "a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." *See* Tenn. R. Civ. P. 4.04(3); Tenn. R. Civ. P. 4.05(4); *Alamo Home Fin., Inc. v. Duran*, No. 13-14-00462-CV, 2015 WL 4381091, at *5 (Tex. App. July 16, 2015) (noting that the receipt of service on a company was signed for by an individual whose connection to the company was unknown and the individual did not check "agent" or "addressee" on the return receipt); *see also Collett*, No. 3:14-CV-552-TAV-HBG, 2015 WL 7254301, at *1-5 (finding service of process deficient where part-time secretary without authority signed for receipt of service and process was issued to the law firm in general and not a specific partner). Service of process on Select Student Loan Help, LLC has not been perfected under Tennessee State law.

For these same reasons, the Plaintiff did not establish proper service of process on Select Student Loan, Inc. First, the process server did not identify the date on which process was mailed. *See* Tenn. R. Civ. P. 4.03(2). Second, the return receipt does not clearly identify that the individual who signed the return receipt was authorized to accept service of process for this Defendant. The Plaintiff served Select Student Loan, Inc. through certified mail return receipt requested addressed to **Legal Zoom Inc., 100 West Broadway, Ste. 100, Glendale, CA 91210**. (Doc. 16). However, the signature on the receipt is illegible, and neither "agent" nor "addressee" is marked on the form. From this, the Magistrate Judge cannot conclude that the recipient was authorized to accept service of process on the company's behalf. *See* Tenn. R. Civ. P. 4.04(4); Tenn. R. Civ. P. 4.05(3). Service of process on Select Student Loan, Inc. has not been perfected under Tennessee State law.

With these findings, the Magistrate Judge **RECOMMENDS** that the entries of default entered against these two Defendants (Docs. 12, 20) be **VACATED**.

Where a plaintiff has not properly served the defendant within 90 or 120 days after filing the complaint[4] the court, on motion or by its own initiative after giving notice to the plaintiff, must dismiss the action without prejudice or order the plaintiff to perfect service by a specified date. Fed. R. Civ. P. 4(m). The court must extend service deadlines upon a showing of good cause for failing to perfect timely service. *Id.* Here, the Plaintiff has not identified good cause for failing to timely serve these two Defendants. As the Plaintiff is *pro se*, the Magistrate Judge would **RECOMMEND** granting the Plaintiff **thirty (30) days** in which to rectify the errors found in the proofs of service or alternatively re-serve these two Defendants. Specifically, the Plaintiff should ensure that the proofs of service identify the dates on which service of process was mailed to these two Defendants. The Plaintiff should also establish that the individuals who signed the return receipts were authorized to accept service on these Defendants' behalves. Should the Plaintiff fail to perfect service by that deadline, the Magistrate Judge would **RECOMMEND** dismissing the Plaintiff's claims against Defendants Select Student Loan Help, LLC and Select Student Loan, Inc. without prejudice pursuant to Rule 4(m).

### III. SERVICE OF COURT DOCUMENTS

Service of pleadings and other papers after the original complaint is governed by Rule 5 of the Federal Rules of Civil Procedure. Generally, written motions must be served on the parties. Fed. R. Civ. P. 5(a)(1)(D). Where a party is in default for failing to appear, the defaulted party need not be served unless the plaintiff sets forth a new claim of relief against the party. *Id.* 5(a)(2). Service may be accomplished through a variety of methods including but not limited to

---

[4] At the time the Plaintiff filed his complaint, Rule 4(m) granted plaintiffs 120 days in which to perfect service. The current version of the rule permits 90 days in which to perfect service. Regardless of the version applied, the Plaintiff did not perfect service on these two Defendants within either time period.

hand delivery, leaving it the person's office or dwelling, or mailing it to the person's last known address. *Id.* 5(b)(2). Where service is accomplished by mailing the paper to the party's last known address, service is complete once the document is placed in the mail. *Id.* 5(b)(2)(C). This holds true even where mail is returned to the sender. *See Tu My Tong v. Shapiro*, No. CIV 15-0682 JB/LAM, 2016 WL 1729531, at *5 (D.N.M. Mar. 24, 2016); *Afzal v. Mouton*, No. CIV.A. 14-2786, 2015 WL 2169529, at *1 n.1 (E.D. La. May 8, 2015), *appeal dismissed* (Nov. 16, 2015); *Williams v. Montesi's Supermarket*, No. 2:13-2787-SHL-DKV, 2014 WL 4199541, at *5 (W.D. Tenn. Aug. 25, 2014); *Smith v. Metrish*, No. 2:07-CV-203, 2010 WL 3655784, at *1 (W.D. Mich. Sept. 15, 2010).

The motion for default, entry of default, and motion for default judgment were properly served on Select Student Loan Help, LLC. The Plaintiff certified that he served a copy of the motion for entry of default and motion for default judgment through USPS first class mail on **Select Student Loan Help LLC, 5670 Wilshire Blvd., #1800, Los Angeles, CA 90036**. (Docs. 10, 29). The Clerk of Court served the partial entry of default on Select Student Loan Help, LLC at the same address. (Docs. 12, 13). According to the Florida Secretary of State website, this is the LLC's principal and mailing address. (Exhibit B).

Select Student Loan, Inc. was properly served with the motion for entry of default, but not the order entering default or the motion for default judgment. The Plaintiff certified that he served the motion for entry of default against Select Student Loan, Inc. by USPS first class mail on **Select Student Loan Inc., 4201 Wilshire Blvd., #623, Los Angeles, CA 90010**. (Doc. 17). According to the California Secretary of State's website, this is Select Student Loan, Inc.'s mailing address. (Exhibit C). The partial entry of default was served by USPS certified mail on **Select Student Loan <u>Help LLC</u>, 4201 Wilshire Boulevard #623, Los Angeles, CA 90010**.

(Docs. 20, 21) (underline added). Additionally, the Plaintiff's motion for entry of default judgment was mailed to **Select Student Loan <u>Help</u>, Inc., 4201 Wilshire Blvd., #623, Los Angeles, CA 90010**. (Doc. 29) (underline added). The partial entry of default and motion for entry of default judgment were sent to the proper physical address, but they were directed to the wrong addressee.

The Magistrate Judge directed the Clerk of Court to serve by regular and certified mail copies of docket entries 12, 20, 29, 33, and 37, along with a docket sheet. (Doc. 37). The documents were mailed to **Select Student Loan Help, LLC, 5670 Wilshire Blvd., #1800, Los Angeles, CA 90036** and **Select Student Loan <u>Help</u>, Inc., 4201 Wilshire Blvd., #623, Los Angeles, CA 90010**. (Doc. 38) (underline added). The mail sent to Select Student Loan Help, LLC was returned as undeliverable. (Docs. 42, 45). As this is the last known address for Select Student Loan Help, LLC, service was completed once the documents were put in the mail. *See* Fed. R. Civ. P. 5(b)(2)(C). Select Student Loan, Inc. was again not properly served because the mail was not addressed to the proper business entity.

### IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge makes the following recommendations as to whether Select Student Loan Help, LLC and Select Student Loan, Inc. were properly served with process and with other Court documents, including the partial entries of default and motion for default judgment:

> (2) Service of process on Select Student Loan Help, LLC and Select Student Loan, Inc. was not perfected under federal, Florida, California, or Tennessee State law. Should this finding be adopted, the Magistrate Judge **RECOMMENDS** that the entries of default (Docs. 12, 20) be **VACATED** and the Plaintiff be granted **thirty (30) days** in which to re-serve these two Defendants or file corrected proofs of service and establish that the individuals who signed the return receipts were authorized to accept service of process on behalf of these two Defendants. Should the Plaintiff fail to correct these deficiencies within the time limits set, the Magistrate Judge would

17

>    **RECOMMEND** dismissing the Plaintiff's claims against these two Defendants without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.
>
> (2) The motion for entry of default, the entry of default, and the motion for default judgment were properly served on Select Student Loan Health, LLC. (Docs. 10, 13, 29).
>
> (3) Select Student Loan, Inc. was properly served with the motion for entry of default but was not properly served with the entry of default or motion for default judgment. (Docs. 17, 21, 29).
>
> (4) Select Student Loan Help, LLC was properly served copies of docket entries 12, 20, 29, 33, and 37, along with a docket sheet. (Doc. 38).
>
> (5) Select Student Loan, Inc. was not properly served copies of docket entries 12, 20, 29, 33, and 37, along with a docket sheet. (Doc. 38).

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

Entered this 20th day of December, 2016.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge