```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

CRAIG CUNNINGHAM,                )
                                 )
        Plaintiff                )
                                 )        No. 3:15-0554
v.                               )        Judge Trauger/Brown
                                 )
SELECT STUDENT LOAN HELP, LLC,   )
et al.,                          )
                                 )
        Defendants               )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is the Plaintiff's motion for default judgment against Danster Kinkini, Tenesita Kinkini, Echoing Green Tonga, Ltd., Global Development Group, LLC, Komal West, and Tobias West (Docket Entry 165). For the reasons stated below the Magistrate Judge recommends that the Plaintiff be awarded a default judgment joint and severally against these Defendants in the amount of $249,000 and that the *Jane/John Doe* Defendants 1-5 be dismissed without prejudice.

### BACKGROUND

The Plaintiff filed his complaint in this matter on May 12, 2015. After some difficulties with obtaining service of process and identifying Defendants, the Plaintiff filed an amended complaint on March 22, 2016 (Docket Entry 59) against these Defendants and others. The Defendants Adam Bentley and Brandi Bentley, CNB Investments, Inc., Precise Marketing, Inc., and

Innovative Media, Inc. all filed responses and their cases were subsequently resolved (Docket Entry 126).

After several false starts on obtaining a default (Docket Entry 150) the Clerk granted motions for entry of default against the six Defendants involved in this report and recommendation (Docket Entry 151). At various points in the proceedings claims against all other Defendants have been dismissed except for the *Jane/John Does 1-5*. Therefore, the only parties remaining in the case that were served are the six Defendants involved in the present motion for default judgment.

The amended complaint (Docket Entry 59) alleges that the Plaintiff is a resident of Davidson County, Nashville, Tennessee, and that beginning in 2015 he received multiple automated calls to his two cell phones, which were not related to any emergency purpose and were without his consent. He alleged that these calls were in connection with a scam targeting individuals with student loans. He alleged that the Defendants who are in default were part of a scheme attempting to persuade individuals with student loans to pay document preparation fees up front for filing simple loan consolidation and selecting a loan program for repayment for student loans. He alleged that the Defendants frequently made false promises of loan forgiveness by the United States Government to induce individuals to pay them up front fees.

In paragraph 28 of his amended complaint he quoted one of the automated messages:

2

> This is Sally Mayfield, according to the William B. Ford Federal Loan Act, U.S. Department of Education, Code 2009(a), your federal student loan may be eligible for new programs designed to lower or eliminate your student loan payments. You may be eligible to lower your payments by more than 90% and you may qualify for loan forgiveness.

He alleges that this is a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227(c)(5) as codified by 47 C.F.R. 64.1200(b). He alleged that the telephone number being used by the caller was spoofed because when he attempted to dial it back it simply went to a busy single. He also alleged that this was a violation of 15 U.S.C. § 1692(e) as it clearly sought to impersonate the United States Department of Education and another government agency by using the name Sally Mayfield and implying that they were with the Department of Education when, in fact, they were a loan or debt collection company.

In paragraphs 42 through 67 the Plaintiff makes specific factual allegations concerning the violations by the defaulted Defendants.

The Plaintiff now seeks statutory damages for each of the telephone calls placed to his number.

He has provided an affidavit of the telephone calls in support of his claim for damages (Docket Entry 166). In his affidavit he has attached call records with Calls Exhibits B and C highlighted.

Unfortunately, the numbers the Plaintiff provides do not add up. In paragraph 2 he states that he received 53 calls to his

3

1977 number and 45 calls to his 9191 number, for a total of 98 calls. However, in paragraph 7 he states that he has received 83 calls as listed on Exhibit A. Exhibit A does list 98 calls, but refers the Court to Exhibit B and C for details. A quick review of the highlighted calls on Exhibits B and C shows a total of 92.

Given this discrepancy the undersigned will use the lowest number listed by the Plaintiff, which is 83.

In order to prepare a recommendation the undersigned held a hearing with the Plaintiff where he was placed under oath and testified about his claim for damages (Docket Entry 172). The undersigned, based on the testimony and affidavit of the Plaintiff, is satisfied that he has received at least 83 calls in violation of the TCPA and is entitled to damages.

**LEGAL DISCUSSION**

The Defendants have failed to appear in this matter at any point in the proceedings. Therefore, the only issue really before the Court is the amount of damages the Plaintiff should be awarded.

Judge Nixon dealt with an earlier case involving the Plaintiff's claims against Defendants making automated calls without maintaining a do-not-call list. Judge Nixon stated:

> The TCPA prohibits the use of automated dialing systems and prerecorded messages in telemarketing calls made to cell phones. 47 U.S.C. § 227(b)(1)(A)(iii)(2012). The TCPA also prohibits telemarketing calls to residential subscribers without following certain requirements, including that the caller: "(1) provide the 'name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone

4

> number or address at which the person or entity may be contacted,[47 C.F.R] § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(60; and (3) honor a person's request not to be called, § 64.1200(d)(3)." *Charvat v. NMP, LLC,* 656 F.3d 440, 444 (6th Cir. 2011). Plaintiffs may recover $500 in damages for each violation of each of these provisions of the TCPA and that sum may be tripled if the defendant's violation was knowing or willful. 47 U.S.C. §§ 227(b)(3), 227(c)(5). "[A] person may recover statutory damages of $1,500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and a $1,500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)–even if both violations occurred in the same telephone call." *Charvat,* 656 F.3d at 449.

*Cunningham v. Lilly Management and Marketing, LLC, et al.*, 3:14-cv-2399 (M.D. Tenn. July 7, 2015) at Docket Entry 28.

The Plaintiff is at a minimum entitled to $500 in statutory damages for violations of §§ 228(b)(3) and 227(c)(5) even if both violations occurred in the same telephone call. This would allow, at a minimum for a total of $83,000 for the 83 telephone calls the Plaintiff states he received in paragraph 7 of his motion. It is discretionary with the Court to triple these damages for a maximum of $3,000 per call.

From a review of the calls it is apparent that these calls were part of a scam and that the individuals making the calls were attempting to mislead individuals that they were connected with the government and were based on false or misleading representations for the intended financial benefit for the Defendants.

Under these circumstances the Magistrate Judge believes, as did Judge Nixon, that the tripling is appropriate.

5

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff be awarded a default judgment against the defaulted Defendants jointly and severally the amount of $249,000, and that all claims against *Jane/John Doe* will be dismissed without prejudice for failure to obtain service of process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 28th day of June, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge